All right, so let's call the next matter. Madam Clerk, please. In re, Nicole. Sylvia Nicole, the appellant, did not respond to calls or letters regarding oral argument and is not on the Zoom, unfortunately. But appearing for as counsel for Appley is Corey B. Chartrand, counsel for Appley T2M Investments. All right, Mr. Chartrand, even though Ms. Nicole is not here, you still have your 15 minutes if you would like to use it. You may say what you would like or submit on your briefs. It's totally up to you. Thank you, Your Honor. Unless the panel has any questions, I will submit on the brief, but I am happy to field any questions. Any questions from the panel? Mr. Chartrand, this is Judge Gann. It appears that there was an agreement of sorts that Ms. Nicole had promoted. Your understanding or T2M's understanding, at least at trial, was that that would convey to T2M title to a residence, but it would be marketable title. And she'd be available if you needed to contact her, right? And ultimately, you drafted or somebody on behalf of Mr. Altman, on behalf of T2M, drafted an agreement, got it to her, she signed it, he signed it, or someone from T2M signed it, backdated it, but effectively agreed. And then they didn't release the lien right away because they believed that when the property sold that they were paid, that then they'd release the lien. But in the meantime, she wasn't making payments, you couldn't market the property, you couldn't locate her. So you ultimately commenced a lawsuit in state court, couldn't find her, so then published, got a default judgment against her, she moves to set it aside. I'm sorry, did I mistake that then? Well, yeah, I mean, that's, her brief says, there was never a state court default judgment. We had a default. I'm sorry, court's entry default. She showed up and said, I've declared bankruptcy again. Gotcha, okay. So at that point, the state court litigation stops and she brings an adversary complaint and you end up in front of the bankruptcy judge and you try these issues with witnesses, she testifies, somebody on behalf of T2M testifies. I don't remember if you testified, some of the other lawyers may have testified. Some people got dismissed from the outset, and then the court came to a conclusion. Ultimately, the court did what the agreement seemingly was supposed to do, which was provide you with marketable title to the residents, and she got the lot free later. And that's what the judge ruled, and that's what you're asking us to affirm essentially at this point. Yes, I think you've summarized it well. But the agreement said grant deed, and you got a grant deed, right? And that later turned out to be ineffective, but is there any argument that you got what you bargained for? Well, on her part, no. Ms. Nicole, the appellant, has completely repudiated the settlement agreement. In fact, at trial, she was adamant about that. And the judge kept pressing her, really? You're repudiating this whole agreement? And yes, there's no agreement. And that was her position, which is why I moved for a non-suit. I said, well, you can't sue for breach of contract on an agreement you're repudiating. Let me see if I understand this. We've got the improved lot, and we've got the property, the vacant lot. And in the simplest sense, the agreement was, your client's going to get the improved lot, and she's going to get the other lot. Now, there's some question of whether or not you know, the title insurance company is saying, hey, your deed isn't quite good enough. But the end of the day, with the help of the bankruptcy court, she got the vacant lot, and you got, or your client got, the improved lot. And that was the essence of the deal, and that's what was completed. Everyone got what they bargained for, is at the end of the day. And coming back to Judge Brand's question, I understand you're saying, the settlement agreement said grant deed, you got what you bargained for. Well, it's clear, if you read the whole agreement, we were to get marketable, you know, clean title. Let me interrupt you just for a second. It probably, what I'm saying is, it really doesn't matter, okay? Because at the end of the day, on her side of it, she got what she bargained for. Absolutely. And you, maybe, you know, you wanted a deed, you wanted a deed that you can use. You eventually got that. Yes. And did it really matter to her whether it was a, you know, what type of deed it was? Eventually, the agreement was that your client would get that property, and your client got it. So. And the only other. Where's the beef? And the only other point is, she wanted to repeat the agreement, but she borrowed money to buy both, secured it with the loan with both, was supposed to make interest-only payments, was in default, didn't have insurance in place to protect your client's interest, security interest, was in default, you didn't extend the loan, you commenced legal proceedings, because ultimately, that's the only way you could take title of the property, and then settled it with her. She got what she wanted, and at the end of the day, she's paid nothing more than whatever she paid at that point, but she walks away with a lot free and clear at this point. And that's what the bankruptcy court thought was fair, and your client was willing to accept that. Right. And just, you know, to beat a dead horse, I guess, this is after seven years, litigation over this property, this is after four bankruptcies, at least two adversary proceedings, a trial, I guess all I can ask for at this point, your honors, is that it end here. Well, we can't guarantee that. I can't affirm, but we can't guarantee the ultimate. I understand. All right. Any other questions? No? Thank you. Thank you, Mr. Chartrand. This matter is submitted. All right. That is the last item on our calendar. So, Madam Clerk, if you'd like to adjourn court, we will be done. Thank you. This session of the Bankruptcy Appellate Panel is now adjourned.
judges: Brand, Gan, and Corbit